# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITIBANK N. A., as Trustee,<br><br>                Plaintiff,<br>  vs.<br><br>JOSE E. ORTIZ, and Does 1 though 100, inclusive,<br><br>                Defendants. | CASE NO. 08cv1301-LAB (RBB)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**<br><br>[Dkt No. 4] |

      This matter is before the Court on plaintiff's Motion To Remand ("Motion") for lack of federal jurisdiction over this unlawful detainer action and for procedural defects in the removal procedure. The deadline for *pro se* defendant Jose E. Ortiz ("Ortiz") to oppose the Motion has passed, with no responsive filing. "If an opposing party fails to file papers in the manner required by Civil Local rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court." Civ. L.R. 7.1.f.3.c.

      Plaintiff Citibank N.A, ("Citibank"), proceeding as Deed of Trust Trustee with respect to a parcel of real property located in National City, it acquired following a foreclosure sale in June 2008, filed an unlawful detainer action in San Diego County Superior Court on July 9, 2008. The Superior Court action Citibank filed seeks Ortiz's post-foreclosure eviction from the premises, possession of the premises, and recovery of the reasonable rental value of the premises, represented to be $22.00 per day, from June 17, 2008 forward until Ortiz

vacates the premises. Citibank moves to remand this action for improper removal to federal court and also seeks its costs of suit incurred to dispose of the federal case.

In his Petition For Removal, Ortiz asserts diversity jurisdiction purportedly exists over the claims Citibank presents in its unlawful detainer action. However, his conclusory representation that he is a citizen of California and Citibank, which clearly has a presence in California commercial transactions, is a "National Association" operating "internationally in 23 countries outside the United States," even if he is correct Citibank's principal place of business "on information and belief" is San Antonio, Texas, is insufficient to establish diversity jurisdiction. In further support of the federal jurisdiction he invoked, he cites several federal statutes Citibank allegedly violated through its purported his fraud, even though he expressly acknowledges federal question jurisdiction "does not appear on the face of Plaintiff's complaint." Removal Pet. ¶ 3. Finally, he vaguely asserts Citibank and others violated due process and applied California statutes in an allegedly unconstitutional manner associated with the foreclosure and unlawful detainer actions.

As argued by Citibank, federal jurisdiction must appear from the face of a Complaint showing federal law creates the cause of action or the plaintiff's right to relief necessarily depends on a resolution of a question of federal law. Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). No such grounds appear from the face of the Citibank Complaint. Neither allegations or affirmative defenses in an Answer nor in the petition for removal can create federal jurisdiction. *See* Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002); Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936). Similarly, removability cannot be created by a defendant pleading a federal question in a counter-claim. Takeda v. Northwestern Nat. Life Ins. Co., 765 F.2d 815, 822 (9th Cir. 1985). In addition, federal courts lack jurisdiction to adjudicate title or interests in real property absent an interest in the property claimed by the United States, a circumstance not present here. *See* 28 U.S.C. § 24009a; Leisnol, Inc. v. United States, 170 F.3d 1188, 1192 (9th Cir. 1999). Finally, Citibank correctly notes the "summary character of [an unlawful detainer action] would be defeated if, by cross-complaint or counter-claim, issues irrelevant

to the right of immediate possession could be introduced." <u>Glendale Fed. Bank v. Hadden</u>, 73 Cal.App.4th 1150, 1153 (1999) (citation omitted).

Citibank is also correct that remand is appropriate either for lack of federal subject matter jurisdiction or for "any defect in the removal procedure." 28 U.S.C. § 1447(c); *see* <u>Buckner v. FDIC</u>, 981 F.2d 816, 820 (5th Cir. 1993). The procedures for proper removal of an action from state to federal court appear at 28 U.S.C. § 1446. The propriety of removal is determined solely on the basis of pleadings filed in state court, as the focus is on "the complaint at the time the removal was filed." <u>Libhart v. Santa Monica Dairy Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979). The removal statute is strictly construed, and the burden to demonstrate the existence of federal jurisdiction is on the party invoking the removal statute. <u>Abrego Abrego v. Dow Chem. Co.</u>, 443 F.3d 676, 685 (9th Cir. 2006). Ortiz's removal petition may be fairly construed as an expansive responsive pleading raising counterclaims and affirmative defenses, rather than a "short and plain statement of the grounds for removal" discernable from the Citibank Complaint. 28 U.S.C. § 1446(a).

For all the foregoing reasons, the removal is defective substantively and procedurally, and the Motion is **GRANTED**. However, while Citibank understandably urges the Court to construe the attempted removal as a tactic to delay and otherwise impede its right to recover possession of its real property, in consideration of Ortiz's *pro se* status, the Court declines to award attorneys' fees and costs incurred to seek this remand, and **DENIES** any award of associated fees and costs. **IT IS HEREBY ORDERED** the matter is remanded to state court, terminating this federal action.

**IT IS SO ORDERED**.

DATED: October 27, 2008

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge